IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS CONWELL,

    Petitioner,

  v.

JEANNE WOODFORD, et al.,

    Respondents

No. C 05-2930 MMC (PR)

**ORDER TO SHOW CAUSE**

    Before the Court is Demetrius Conwell's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

    On August 3, 2001, a jury in Alameda County Superior Court convicted petitioner of involuntary manslaughter and sustained the allegation that petitioner used a dangerous weapon, specifically, a crutch. See Petition ¶ VIII. On October 30, 2001, the trial court, after conducting a bench trial, found true the allegation that petitioner had a "serious-felony/strike prior" and "two prison-term priors." See People v. Conwell, 2004 WL 505240, *1 (Cal. App. 2004)[1]; Petition ¶ IX. The trial court subsequently sentenced petitioner to "a total of nine years comprised of a two-year low term for involuntary manslaughter, doubled to four for the strike, plus five for the serious-felony prior, with terms for the weapon use

---

[1]The California Court of Appeal's opinion is attached to the petition as Exhibit D.

and other priors stayed." See People v. Conwell, 2004 WL 505240, *1 (internal citations omitted).

On March 16, 2004 the California Court of Appeal affirmed the conviction and denied petitioner's petition for a writ of habeas corpus. See id. On June 23, 2004, the California Supreme Court denied petitioner's request for review of the California Court of Appeal's decision, see id., and, on June 8, 2005, denied petitioner's petition for a writ of habeas corpus, see Petition ¶ XVIII.

Petitioner alleges that each claim included in his federal petition has been presented to the California Supreme Court. See Petition ¶ XXV.

## DISCUSSION

**A. Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B. Petitioner's Claims**

Petitioner raises the following claims: (1) petitioner was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel allegedly failed to fully investigate the issue of whether petitioner's actions caused the victim's death and failed to adduce expert evidence favorable to petitioner in regard to that issue; (2) petitioner was deprived of due process because the trial court allegedly failed to properly instruct the jury as to the issue of causation; and (3) petitioner was deprived of due

process when the trial court, in providing answers to questions from the jury pertaining to the issue of causation, allegedly failed to clarify the assertedly misleading instructions.

The Court cannot find, from the face of the petition, that the claims presented by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Accordingly, summary dismissal is not proper and respondents will be directed to show cause why the petition should not be granted.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the petition and its attachments upon respondents and respondents' attorney, the Attorney General for the State of California.

2. Respondents shall file, within 60 days of the date of service of this order, an answer showing cause why a writ of habeas corpus should not issue on the basis of petitioner's claims. Respondents shall file with the answer a copy of all portions of the state record relevant to a determination of the issues presented by the petition.[2]

3. Petitioner shall file a traverse within 30 days of the date respondents file an answer.

**IT IS SO ORDERED.**

Dated: August 10, 2005

MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent any of those portions already have been submitted as attachments to the petition, respondents may, but are not required to, submit additional copies.

3